09-4964-cr
*United States v. Bell*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of March, two thousand eleven.

PRESENT:    JOHN M. WALKER, JR.,
            BARRINGTON D. PARKER,
            DEBRA ANN LIVINGSTON,
                        *Circuit Judges.*

---

UNITED STATES OF AMERICA,
        *Appellee*,

    -v.-                                            No. 09-4964-cr

JOHN W. BELL, JR.,
        *Defendant-Appellant*,

---

SANDRA S. GLOVER, Assistant United States Attorney (Tracy Lee Dayton, Michael J. Gustafson, Assistant United States Attorneys, *on the brief*) *for* David B. Fein, United States Attorney, District of Connecticut, New Haven, Connecticut.

SHELLEY R. SADIN, Zeldes, Needle & Cooper, P.C., Bridgeport, Connecticut, *for Defendant-Appellant*.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**

**DECREED** that the judgment of the district court be **AFFIRMED**.

Defendant-Appellant John W. Bell, Jr. appeals from a judgment of conviction entered on November 24, 2009 on counts of attempted murder of a federal officer, 18 U.S.C. § 1114, assaulting, resisting, opposing, impeding or interfering with a federal officer, 18 U.S.C. § 111(a)(1) and (b), and using a firearm in connection with the crimes listed above, 18 U.S.C. § 924(c)(1)(A)(iii). On appeal, Bell challenges the government's rebuttal summation, which he contends improperly "identified the defendant with Lee Harvey Oswald and falsely portrayed him as a gambler and gunman waiting for a shootout with police." Appellant's Br. at 1. We presume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal and revisit those issues only as necessary to facilitate this discussion.

While the government is generally given wide latitude to forcefully argue its case to the jury, it may not "misstate the evidence," *United States v. Richter*, 826 F.2d 206, 209 (2d Cir. 1987), or "use arguments calculated to inflame the passions or prejudices of the jury," *United States v. Modica*, 663 F.2d 1173, 1180 (2d Cir. 1981) (internal quotation marks omitted). However, even where government arguments cross the line from permissible to improper, a defendant seeking a new trial on this basis faces a "heavy burden," *United States v. Locascio*, 6 F.3d 924, 945 (2d Cir. 1993), because reversal is warranted only where the improper comments can be said to "'so infect[] the trial with unfairness as to make the resulting conviction a denial of due process,'" *United States v. Coriaty*, 300 F.3d 244, 255 (2d Cir. 2002) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). That is particularly true where, as here, the claim was not raised below and thus must be reviewed by this Court under the plain error standard. *See United States v. Cotton*, 535 U.S. 625, 631-32 (2002).

Bell contends the government advanced two different improper arguments in summation, which individually or in tandem warrant reversal: first, he contends that the government improperly sought to inflame the jury by referencing the famed assassin Lee Harvey Oswald; second, he argues that the government mischaracterized the evidence in arguing to the jury that Bell was a "gun fanatic" who "carries a different weapon every single day" and "accessorizes with it, kind of changes it like a woman changes her purse." While we agree that aspects of the latter argument went beyond zealous argument and were improper, we see no basis for concluding that the government's rebuttal was so substantially prejudicial as to warrant reversal.

With respect to the first challenged argument, the government made reference to Lee Harvey Oswald and the "magic bullet" theory in the context of challenging the credibility of Bell's account of the events. Specifically, the government argued that Bell's account had to be "false, unless of course the Defendant had loaded his weapon with magic bullets. Shocking but true. Twice in one century. Lee Harvey Oswald and John W. Bell, magic bullets." We see no error in these comments, which were both an accurate, if colorful, commentary on evidence in the record and a fair response to arguments advanced by the defendant. *See United States v. Rivera*, 971 F.2d 876, 884 (2d Cir. 1992) ("A prosecutor is not precluded from vigorous advocacy, or the use of colorful adjectives, in summation."); *see also United States v. Marrale*, 695 F.2d 658, 667 (2d Cir. 1982) ("[A] prosecutor is ordinarily entitled to respond to the evidence, issues, and hypotheses propounded by the defense.").

The second challenged government argument is more troubling, however. There, the government speculated as to Bell's state of mind on the night in question as follows:

3

> So how did that translate for a gun fanatic like the Defendant, a guy with nine handguns, seven long guns and a sawed-off shotgun? Who has a sawed-off shotgun? He wants you to believe he's hunting with it. You don't hunt with a sawed-off shotgun . . . .
>
> The Defendant carries a different weapon every single day. He accessorizes with it, kind of changes it like a woman changes her purse. Here's the Defendant carrying this backup ammunition, hollow point bullets. . . . Jiggling around in his pocket with his spare change, as if he's just waiting for a shootout. Why? I don't know, maybe the gun makes him feel tough.

We agree with Bell that this argument overstated the trial evidence in a number of respects. First, there is simply no evidence in the record to support the government's contention that Bell "carrie[d] a different weapon every single day," let alone that he "accessorize[d] with it" or "change[d] it like a woman changes her purse." Nor was there any real evidence to support the portrait of the defendant as "[j]iggling around" spare ammunition "as if he's just waiting for a shootout." To the contrary, the evidence with respect to Bell's gun ownership at trial—which came principally in the form of Bell's own testimony—established the far less remarkable facts that (1) Bell carried a gun to work each day, (2) that he sometimes carried a different weapon from the one used in the crimes charged, and (3) that at the time of his arrest, he had several bullets in his pocket in addition to those in the weapon he was carrying.

The government's discussion of Bell's "sawed-off shotgun" was also, at best, misleading. Specifically, the argument: "Who has a sawed-off shotgun? He wants you to believe he's hunting with it. You don't hunt with a sawed-off shotgun" appears to be unsupported by the evidence in the record. As a preliminary matter, the only testimony offered with respect to that weapon—Bell's own testimony under cross-examination—establishes that the shotgun in question was possessed legally. Moreover, Bell does not appear to have ever contended that he used that particular weapon

for hunting, or indeed for any particular purpose. As such the argument was not only unsupported by the evidence but was an inappropriate and misleading characterization thereof.

We thus agree with Bell that at least some of the government's statements in rebuttal crossed the line between zealous advocacy and improper argument. However, as noted above, improper comments, standing alone, rarely warrant reversal. Instead, "we will reverse only if we conclude, based on the context of the trial as a whole, that the prosecutor made improper remarks that resulted in substantial prejudice." *United States v. Burden*, 600 F.3d 204, 221 (2d Cir. 2010). While "[t]he determination of whether there was such prejudice depends largely on an analysis of the severity of the misconduct, the curative measures taken by the court, and the certainty of conviction absent the misconduct," where, as here, no objection is raised below, "the statement will not be deemed a ground for reversal unless it amounts to a flagrant abuse." *United States v. Rivera*, 22 F.3d 430, 437 (2d Cir. 1994). We are unable to deem the statements in question "flagrant abuse," nor, more generally, do we see any other basis, on this record, for concluding that the statements were anything more than "an aberration in an otherwise fair proceeding." *United States v. Thomas*, 377 F.3d 232, 245 (2d Cir. 2004) (internal quotation marks omitted).

To the extent Bell raises other arguments on appeal, we have considered them and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk